UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA


IN RE:

DONALD R. SCHRANDT and                         Chapter 13
SHERRI LOUISE SCHRANDT

    Debtors.                              Bankruptcy No. 05-04656M


MEMORANDUM DECISION RE:
OBJECTION TO THE CLAIM OF WELLS FARGO FINANCIAL ACCEPTANCE

    Debtors Donald and Sherri Schrandt object to the unsecured claim of Wells Fargo Financial Acceptance (hereinafter Wells Fargo). Schrandts contend that Wells Fargo, in negotiating with them as to the amount of its secured claim, had agreed to waive any unsecured claim.

    Hearing was held on March 14, 2006 in Mason City. James W. Thornton appeared for Schrandts. Carol F. Dunbar appeared on her own behalf as trustee. No one appeared for Wells Fargo.

    Schrandts filed their chapter 13 petition on September 20, 2005. On their schedules they listed Wells Fargo as having a claim secured by a lien in their 2002 Dodge Caravan automobile (doc. 1). They valued the vehicle at $8,730.00, listed the total amount of the claim as $15,725.00, and stated that the unsecured portion of the claim was $6,995.00 (id.).

    In their initially filed plan, Schrandts proposed to pay Wells Fargo its secured claim in the amount of $8,730.00 over the three-year term of the plan at 14 per cent interest (doc. 2). The plan disclosed nothing regarding the unsecured

portion of the claim.  The plan did state that "[t]he amounts listed in the plan are approximate.  The debtors will rely on the proof of claims filed by the creditors to determine exact amounts owed" (id. at ¶ 13).  Two creditors, but not Wells Fargo, objected to confirmation.

Also, a representative of Wells Fargo, Thor B. Aschim, had written to Schrandts' attorney on October 19, 2005 stating that the plan's valuation of the motor vehicle collateral was unacceptable to the creditor.  Wells Fargo asked the attorney to amend the plan to treat the claim as secured in the amount of $10,125.00, the NADA value of the vehicle (exhibit A).  The letter indicated nothing about Wells Fargo waiving an unsecured claim.  Schrandts' attorney wrote that he was attaching a copy of the modified plan, and he asked Aschim to contact him if Aschim had any objections to it (id.).  On the exhibit offered and admitted into evidence, there was no plan attached.  The court will assume that the attachment was the modified plan filed by the Schrandts on December 15, 2005, the only other plan proposed by Schrandts (doc. 21).  At the initial hearing on confirmation, November 15, 2005, Schrandts had been given the opportunity to modify the plan (doc. 15).

Schrandts filed a First Modified Plan on December 15, 2005 (doc. 21).  Under paragraph 4A, Schrandts showed the proposed amount of Wells Fargo's secured claim as $10,125.00, and stated that it would be paid "Prorata" with an interest

2

rate of 14 per cent per annum over the 58-month term of the plan.  In proposing the interest rate at 14 per cent, Schrandts noted "that the Wells Fargo Acceptance claim is being brought down to fair market value, as determined by the NADA value the Creditor and Debtor have agreed to" (Modified Plan, doc. 21, ¶ 4A).  The plan further proposed to pay timely filed unsecured claims "100 cents on the dollar" (id. ¶ 5).  At the time of filing the Modified Plan, Schrandts amended their Schedule D to show the value of the motor vehicle collateral as $10,125.00 (doc. 20).  The amended listing of the debt to Wells Fargo showed the amount of the claim as $15,725.00 and the unsecured portion of the claim as $5,600.00 (id.).

Wells Fargo filed a timely proof of claim on January 5, 2006 (claim no. 6).  It asserted a claim in the amount of $10,125.00, secured by a motor vehicle, and an unsecured claim of $6,471.71 (id.).  Wells Fargo attached a copy of the installment contract and security agreement to its claim (id.).  The document showed that the original annual percentage interest rate on the loan was 17.990 per cent (id.).  Nothing in the proof of claim indicated that Wells Fargo was waiving its unsecured claim.

Schrandts' First Modified Plan was confirmed on January 30, 2006 (doc. 27).  The trustee filed her claims report on February 7, 2006 (doc. 29).  She indicated that pursuant to

3

the confirmed plan and claim, she would pay Wells Fargo $10,125.00 with interest at 14 per cent and that Wells Fargo should be allowed an unsecured claim of $6,471.71.

Schrandts objected to allowance of the unsecured claim (doc. 31) on the ground that Wells Fargo had agreed not to object to the modified plan if its secured claim were valued at $10,125.00 and it was paid interest of 14 per cent per annum. Schrandts state that they "did not intend for the unsecured portion of this claim to be paid, but rather felt that the Creditor was compensated for writing off this unsecured amount of the claim by the payment of the 14 per cent interest on the secured portion of the claim." (Objection, ¶ 3.) They contend this was clearly indicated in the Modified Plan (id.). The objection was served on Wells Fargo, to the attention of Chad Panzer. It was not served to the attention of Thor Aschim. Wells Fargo was served notice of the hearing on Schrandts' objection. No one attended the hearing on behalf of Wells Fargo.

Schrandts may have objected to the claim under 11 U.S.C. § 502(b)(1) on the ground that the claim is unenforceable against the debtors under an agreement with the creditor. The code section does not appear limited to pre-petition agreements.

Wells Fargo filed a proof of its claims, secured and unsecured. The proof constitutes prima facie evidence of the

4

validity and amount of the claim. Fed.R.Bankr.P. 3001(f). Schrandts have the burden of going forward and introducing evidence sufficient to rebut the presumption of validity. Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.), 372 F.3d 637, 640 (4th Cir. 2004). They must introduce evidence of probative value equal to the allegations of the proof of claim. In re Britt, 199 B.R. 1000, 1008 (Bankr. N.D. Ala. 1996); see also Juniper Development Group. v. Kahn (In re Hemingway Transport, Inc.), 993 F.2d 915, 925 (1st Cir. 1993)("The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence.")

I find and conclude that Schrandts failed to overcome the prima facie validity afforded to Wells Fargo's proof of claim. I do not interpret or construe the exchange of letters between Wells Fargo and Schrandts' attorney to constitute an agreement that Wells Fargo was waiving its unsecured claim in exchange for Schrandts' agreement to increase the secured claim by $1,395.00. The parties' agreement also appears to have lowered the interest rate, though perhaps not as much as Schrandts might have hoped. Also, it would have been odd for Wells Fargo to agree to a reduction in the interest rate and a waiver of the unsecured claim, in light of the fact that both plans proposed that allowed unsecured claims receive 100 cents on the dollar.

5

The only evidence of an agreement by Wells Fargo to waive the unsecured component of its claim was the statement by Schrandts' attorney that it was his intent to bargain for such a result, and he believed Wells Fargo had agreed to it. I find that his statement alone does not rebut the prima facie validity of the claim as shown in the proof of claim. Nor does the modified plan support Schrandts' contention. Section 4 of the plan deals only with the amount of the secured claim.

IT IS ORDERED that Schrandts' objection to the unsecured claim of Wells Fargo Financial Acceptance is overruled. The claim is allowed as unsecured in the amount of $6,471.71. Judgment shall enter accordingly.

DATED AND ENTERED  March 20, 2006

/s/ W.L. Edmonds

William L. Edmonds, Bankruptcy Judge